# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK LEMANN ) | CIVIL ACTION NO. 15-3329 |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| MIDWEST RECOVERY FUND, LLC; ) | |
| CJC PORTFOLIO ) | JURY DEMAND |
| MANAGEMENT, LLC; CHRISTOPHER ) | |
| J. COLLINS; NATIONAL DEBT ) | |
| HOLDINGS, LLC; JEREMY POEHLER; ) | |
| COLLECTION AGENCY XYZ; ) | |
| JOHN DOES 1-10 ) | |
| Defendants. ) | |

## COMPLAINT

### I. Preliminary Statement

1. This is an action under the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act as well as fraud and misrepresentation.

### II. Introduction

### The Accounts and Business Operations

2. Mr. Lemann is alleged to have taken out two accounts with Castle Payday Installment Loans.

3. In all actuality Mr. Lemann never took out any such loans.

4. These fraudulently taken out loans or completely fictitious loans were charged off by Castle in March of 2015.

5. The first account ending in "742" had a principal balance of $195 at chargeoff.

6. The second account ending in "351" had a principal balance of $675 at chargeoff.

7. The accounts were then sold to Midwest Recovery Fund, LLC.

8. Upon information and belief, Midwest Recovery Fund, LLC is a debt buyer and sometimes places accounts for collection.

9. At a minimum, upon information and belief, Midwest purchases the accounts and then resells the accounts at a profit.

10. Midwest then sold the accounts to CJC Portfolio Management, LLC.

11. Upon information and belief, CJC Portfolio Management, LLC is owned and controlled by Christopher J. Collins.

12. CJC and Collins have a business model of immediately selling accounts they purchase.

13. Upon information and belief, this is done to avoid potential liability.

14. CJC and Collins refuse to provide contact information for their purchasers other than a phone number citing "privacy concerns."

15. There are no privacy concerns when it comes to allowing a consumer to properly identify a debt buyer.

16. Rather, CJC and Collins wish to avoid savvy consumers from identifying the mailing address and the state of incorporation of CJC's and Collins's clients lest a lawsuit be filed.

17. CJC and Collins sold the accounts to National Debt Holdings, LLC.

18. National Debt Holdings, LLC, upon information and belief, is owned and operated by Jeremy Poehler.

19. National Debt Holdings, LLC and Mr. Poehler place accounts for collection with third party agencies.

20. One of these agencies is Collection Agency XYZ, which goes by "UFC".

21. National and Poehler have a business model where they retain an interest in the accounts but technically sell the accounts to the agencies and then buy the nonperforming accounts back when the agency is done collecting.

22. Upon information and belief, this model is designed to avoid liability for the conduct of the agencies.

23. This model cannot work successfully given that National and Poehler maintain an interest in the accounts.

### The Telephone Harassment

24. Beginning on or about April or May of 2015, Mr. Lemann began receiving calls to his cellular telephone.

25. Mr. Lemann never provided consent for calls to be made to his cellular telephone.

26. These calls were in excess of six times over a period of three or four months.

27. Upon information and belief there may be additional missed calls.

28. Perhaps the most disturbing thing about this is that Mr. Lemann received calls and his family received calls despite the fact that the Agency had already located Mr. Lemann.

29. There was no legitimate reason to contact Mr. Lemann's family members.

30. Mr. Lemann asked the Agency to cease and desist these calls, but the Agency continued to do so.

31. Further a letter was never received from the Agency informing Mr. Lemann of his right to dispute the validity of the debt.

32. When Mr. Lemann spoke to the Agency, the agent acknowledged that Mr. Lemann likely did not take out the loan but they insisted he pay it anyway.

33. Mr. Lemann asked the Agency for an address and their legal name and they refused.

34. The Agency never provided Mr. Lemann with a mini-miranda on the phone calls.

35. The Agency disclosed the debt to Mr. Lemann's family members and told them that they would be suing him.

36. The Agency threatened Mr. Lemann directly with a lawsuit.

37. Mr. Lemann let the Agency know that he had an attorney and they continued to contact him despite their knowledge that he was represented.

38. The Agency has used phrases like "docket number" and "file suit" in order to imply to Mr. Lemann that the Agency will be filing suit.

39. At one point when Collection Agency XYZ was called they falsely represented that they had been "retained" by the original creditor "to file suit in district court."

40. When asked for an address, they refused to provide one.

41. When asked if there was an address to mail a check, they claimed they are only allowed to take electronic payment by credit card and/or debit card.

42. They would not provide their legal name upon being asked.

43. Defendant National has refused to provide an address or legal name for Collection Agency XYZ.

44. Upon information and belief, National has this information but is simply refusing to provide it in order to protect its buyer from liability.

**The Plaintiff**

45. Mr. Lemann is a respected member of the real estate community in the Greater New Orleans area.

46. This ordeal has caused Mr. Lemann emotional distress and extreme embarrassment as he has been scared that this matter would hurt his reputation and career.

47. Mr. Lemann has been afraid to answer his phone for fear that he would be harassed and/or verbally abused by the agency.

48. Mr. Lemann has suffered embarrassment that his family thinks he has unpaid debts and is imminently going to be sued.

49. Mr. Lemann has suffered other actual damages to be proven at trial.

### III. Jurisdiction and Venue

50. Federal Jurisdiction is authorized under 28 U.S.C. §1331 given that at least two of the causes of action stated are federal in nature.

51. This Court has personal jurisdiction over all of the Defendants because they all own and/or operate accounts receivable companies that conduct collection and/or debt sales activity. These activities include Louisiana accounts such as those alleged to belong to Mr. Lemann. They all direct their activity all around the country including Louisiana. Moreover, they all derive revenue from dealing with Louisiana accounts receivable.

52. Venue is proper because Mr. Lemann is domiciled in the Eastern District of Louisiana.

### IV. Parties

53. Plaintiff, Frederick Lemann, is a resident of New Orleans, Louisiana.

54. Defendant, Midwest Recovery Fund, LLC is a Minnesota limited liability company with its principal office at 12100 Single Tree Ln., Suite 163, Eden Prairie, MN 55344. It can be served through its registered agent, Michael O'Connor.

55. Defendant, CJC Portfolio Management, LLC is a New York limited liability company with its principal place of business at 2154 Parker Blvd. in Tonawanda, NY 14150. It can be served through its registered agent, Christopher J. Collins.

56. Defendant, Christopher J. Collins, is a resident of New York.

57. Defendant, National Debt Holdings, LLC is a Florida limited liability company with its principal place of business at 200 S. Biscayne Blvd., Suite 2790.  It can be served through its registered agent, Jeremy Poehler.

58. Defendant Jeremy Poehler is a resident of Florida.

59. Defendant Collection Agency XYZ is unknown as National will not provide any information on it other than a phone number and Collection Agency XYZ refuses to provide its legal name and address.  They will need to be identified during discovery.

60. Defendants John Does 1-10 are the agents making the calls described herein. They have refused to identify themselves in the past and will need to be identified during discovery.

## VI. Claim Particulars

The particulars of Plaintiff's claims against each defendant are as follows:

### Count I
### Fair Debt Collection Practices Act

61. Plaintiff adopts by reference all allegations contained in the paragraphs above, as if fully set forth in this Count.

62. There is a case and controversy among Plaintiff on the one hand and the Defendants on the other.

63. Pursuant to the descriptions above, the Defendants have violated or allowed to be violated §806(5) given that the Defendants contacted Mr. Lemann multiple times after being told that he was not paying the debt.  The only reason that they could have continued to call was to annoy, abuse, or harass Mr. Lemann.

64. Pursuant to the descriptions above, the Defendants have violated or allowed to be violated §806(6) given that the Defendants never properly identified themselves upon contacting Mr. Lemann.

65. Pursuant to the descriptions above, the Defendants have violated or allowed to be violated §807(2)(a) given that the Defendants continued to pursue Mr. Lemann even after acknowledging the invalidity of the debt.

66. Pursuant to the descriptions above, the Defendants have violated or allowed to be violated §807(4) given that the Defendants threatened Mr. Lemann with suit even though they were not attorneys and did not intend to take such action.

67. Pursuant to the descriptions above, the Defendants have violated or allowed to be violated §807(5) given that the Defendants threatened Mr. Lemann with suit even though they were not attorneys and did not intend to take such action.

68. Pursuant to the descriptions above, the Defendants have violated or allowed to be violated §807(10).

69. Pursuant to the descriptions above, the Defendants have violated or allowed to be violated §807(14).

70. Pursuant to the descriptions above, the Defendants have violated or allowed to be violated §809(a) by not sending the required communication.

71. Pursuant to the descriptions above, the Defendants have violated the FDCPA by disclosing the existence of the debt to third parties.

72. Mr. Lemann prays that each Defendant be found in violation of the provisions above and be made to pay:

    a. Statutory damages

    b. Actual damages

    c. Attorney fees

    d. Court costs

## Count II
## Telephone Consumer Protection Act

73. Plaintiff adopts by reference all allegations contained in the paragraphs above, as if fully set forth in this Count.

74. The Defendants through Collection Agency XYZ have called Mr. Lemann from automated telephone equipment under the Telephone Consumer Protection Act.

75. These calls were made intentionally and without express consent.

76. To the extent the Defendants can show express consent, then same consent was revoked when Mr. Lemann asked for the calls to stop.

77. These calls were intentional.

78. There were in excess of six calls, but the exact amount will not be known until such time as discovery is complete.

79. Mr. Lemann prays that he receive:

   a. $1,500 per call

   b. Actual damages

   c. Attorney fees

   d. Court costs

## Count III
## Fraud

80. Plaintiff adopts by reference all allegations contained in the paragraphs above, as if fully set forth in this Count.

81. The Defendants knew or should have known that this business model was designed to allow a non-compliant agency to hide behind the Defendants.

82. This model leads to the profit of all the Defendants by allowing the Defendants to attempt to escape liability under the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

83. Ultimately, this model operates as a fraud upon the consumer because the consumer has less access to his statutory rights as demonstrated herein while the Defendants can continue to profit.

84. Accordingly, Mr. Lemann request:

   a. Disgorgement of all profit based on this business model;

   b. Actual damages;

   c. Punitive damages;

   d. Court costs;

   e. Attorney fees.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

   A. Statutory damages for violation of the Fair Debt Collection Practices Act;

   B. Actual damages for violation of the Fair Debt Collection Practices Act;

   C. Statutory damages for violation of the Telephone Consumer Protection Act;

   D. Actual damages for violation of the Telephone Consumer Protection Act;

   E. Disgorgement of profits;

   F. Punitive damages;

   G. Attorney fees;

   H. Court costs;

   I. Such other relief as may be appropriate; and

**Jury Demanded**

Plaintiff hereby demands a trial by jury on all matter so triable.

                                          Respectfully Submitted,
                                          __/s/ Galen M. Hair_____
                                          Galen M. Hair, La. Bar No. 32865, T.A.
                                          Alejandro J. Rodriguez, La. Bar No. 30947
                                          Andrew K. Jacoby, La. Bar No. 32512
                                          **Varadi, Hair & Checki, LLC**
                                          650 Poydras Street, Suite 1550
                                          New Orleans, Louisiana 70130
                                          Telephone: (504) 684-5200
                                          Facsimile: (504) 613-6351
                                          hair@vhclaw.com
                                          rodriguez@vhclaw.com

                                          *Counsel for Frederick Lemann*

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 7th day of August 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of Notice of Electronic Filing.

                                          __/s/ Galen M. Hair_____

*Summons to be issued*
*with Complaint and attached*
*as an Exhibit thereto*