```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


FREDERICK LEMANN                         CIVIL ACTION

VERSUS                                   NO: 15-3329

MIDWEST RECOVERY FUND,                   SECTION: "J"(5)
LLC ET AL.
```

### ORDER & REASONS

Before the Court is a *Motion to Dismiss Pursuant to Rule 12(b)(2) or, in the Alternative, Rule 12(b)(3)* **(Rec. Doc. 16)** filed by Defendants CJC Portfolio Management, LLC, and Christopher J. Collins; an opposition thereto (Rec. Doc. 17) filed by Plaintiff, Frederick Lemann; and a reply (Rec. Doc. 20) filed by Defendants. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This litigation derives from allegedly improper debt-collection efforts through repeated phone calls placed to Plaintiff and his family in Louisiana. (Rec. Doc. 1, at 1.) Underlying Plaintiff's action are two loan accounts that originated with Castle Payday Installment Loans. *Id.* Plaintiff denies taking out these loans. According to Plaintiff, the accounts were charged off by Castle in March 2015 and subsequently sold to Midwest Recovery Fund, LLC. *Id.* Plaintiff alleges that Midwest

then sold the accounts to CJC Portfolio Management, LLC ("CJCPM"), an entity owned and controlled by Christopher J. Collins. *Id.* at 2. CJCPM and Collins then sold the accounts to National Debt Holding, LLC, an entity owned and operated by Jeremy Poehler, which placed the accounts for collection with a collection agency referred to as Collection Agency XYZ. *Id.*

Beginning in April or May 2015, Plaintiff claims he began receiving numerous unwanted calls to his cellular telephone from Collection Agency XYZ in an effort to collect the debt. *Id.* at 3. Plaintiff alleges that he asked the Agency to cease and desist these calls, but the Agency continued to do so. *Id.* Furthermore, Plaintiff alleges that the Agency threatened him with a lawsuit and continued to contact him directly despite the fact that he was represented by counsel. *Id.*

On August 7, 2015, as a result of this alleged telephone harassment, Plaintiff filed suit against multiple defendants for violations of the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA), as well as for fraud and misrepresentation. *Id.* at 1. Plaintiff seeks statutory and actual damages for violations of the FDCPA and TCPA, disgorgement of profits, punitive damages, attorney's fees, and court costs. *Id.* at 9. The Complaint listed the following defendants: Midwest Recovery Fund, LLC; CJCPM; Christopher J. Collins; National Debt Holdings, LLC; Jeremy Poehler; Collection Agency XYZ; and John

2

Does 1-10, who allegedly made the calls described in the Complaint. *Id.* at 5-6. Plaintiff subsequently dismissed his claims against National Debt Holdings, LLC, and Jeremy Poehler without prejudice. (Rec. Doc. 10.)

On October 30, 2015, CJCPM and Collins ("Defendants") filed the instant *Motion to Dismiss Pursuant to Rule 12(b)(2) or, in the Alternative, Rule 12(b)(3)* **(Rec. Doc. 16)**. Plaintiff opposed the motion on November 9, 2015. Defendants filed a reply on November 13, 2015. The motion is now before the Court on the briefs, without oral argument.

## PARTIES' ARGUMENTS

Defendants contend that Plaintiff's claims against them should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) or, in the alternative, for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. As for lack of personal jurisdiction, Defendants argue that Plaintiff has failed to satisfy his burden of establishing that the exercise of personal jurisdiction over CJCPM or Collins is consistent with the exercise of Due Process. (Rec. Doc. 16-1, at 4.) According to Defendants, the sole basis for personal jurisdiction over CJCPM and Collins, as alleged in the Complaint, is that CJCPM temporarily owned the accounts and collection attempts on the accounts were

directed to Louisiana by Collection Agency XYZ.[1] *Id.* at 3. However, Defendants have submitted a declaration showing that neither CJCPM nor Collins has ever held any interest in the accounts or attempted to collect on them. *Id.* Therefore, Defendants argue that neither general nor specific personal jurisdiction exists over either CJCPM or Collins. *Id.*

With regard to general personal jurisdiction, Defendants maintain that there is no basis in the Complaint or otherwise to conclude that their contacts with Louisiana are "continuous and systematic," giving rise to general jurisdiction. *Id.* at 4-6. According to Defendants, the paradigmatic place for general jurisdiction over an individual is that individual's domicile. *Id.* at 6. Similarly, the paradigmatic place for general jurisdiction over a limited liability company is its state of organization and principal place of business. *Id.* Defendants state that CJCPM is organized under the laws of New York, its principal place of business is in New York, and Collins is domiciled in New York. Furthermore, Defendants claim that CJCPM and Collins have not

---

[1] For example, the Complaint states the following jurisdictional allegation:

> This Court has personal jurisdiction over all of the Defendants because they all own and/or operate accounts receivable companies that conduct collection and/or debt sales activity. These activities include Louisiana accounts such as those alleged to belong to Mr. Lemann. They all direct their activity all around the country including Louisiana. Moreover, they all derive revenue from dealing with Louisiana accounts receivable.

(Rec. Doc. 1, at 5.)

4

engaged in collection activity in Louisiana in at least five years or otherwise had contacts with Louisiana that would support exercise of general jurisdiction. *Id.* at 7. In fact, Collins has never been to Louisiana. *Id.*

Next, Defendants contend that CJCPM and Collins do not have the minimum contacts with Louisiana required to establish specific personal jurisdiction over them. Defendants argue that CJCPM and Collins did not purposefully direct their activities toward Louisiana or avail themselves of the privileges of conducting activities here. *Id.* at 8. As set forth in Collins's declaration, Defendants claim that neither CJCPM nor Collins has ever held any interest in the accounts; had or initiated any communication with Plaintiff or his family members, in Louisiana or elsewhere; or directed, authorized, or participated in Collection Agency XYZ's alleged Louisiana actions. *Id.* According to Defendants, Louisiana is merely where Plaintiff happened to be residing when the alleged activity by Collection Agency XYZ took place. *Id.* at 9. Therefore, Defendants argue that Plaintiff cannot show that CJCPM or Collins engaged in conduct with respect to the accounts that would constitute purposeful availment of Louisiana. *Id.*

Defendants also contend that the alleged actions of Collection Agency XYZ are not imputable to CJCPM or Collins in order to establish specific personal jurisdiction. *Id.* In short, Defendants claim CJCPM and Mr. Collins "had nothing to do" with

5

the alleged Louisiana-directed activities of Collection Agency XYZ. *Id.* at 10. Therefore, the unilateral alleged activities of Collection Agency XYZ cannot support a claim of specific jurisdiction over CJCPM and Mr. Collins. *Id.* Moreover, Defendants argue that the fiduciary shield doctrine, which prohibits the attribution of corporate acts to corporate officers, prevents the exercise of specific jurisdiction over Collins, because Plaintiff has not alleged any relationship between Collins acting in his individual capacity and Louisiana. *Id.* at 11. Lastly, Defendants argue that the exercise of jurisdiction over CJCPM or Collins would not be fair and reasonable. *Id.* at 12.

In the alternative, Defendants contend that the claims against CJCPM and Collins should be dismissed on the basis of improper venue. *Id.* at 13. In the Complaint, Plaintiff states the following in support of venue: "Venue is proper because Mr. Lemann is domiciled in the Eastern District of Louisiana." (Rec. Doc. 1, at 5.) Defendants argue that this is not a valid basis for venue in this matter because neither CJCPM nor Collins is a resident of Louisiana. *Id.* at 13-14. Anticipating that Plaintiff may contend that venue is proper because the telephone calls giving rise to Plaintiff's claims were received in Louisiana, Defendants maintain that Collection Agency XYZ and its agents are responsible for those telephone calls. *Id.* at 14. In other words, Defendants claim that Plaintiff has not alleged that any conduct underlying its claims

6

against CJCPM and Collins took place in Louisiana. *Id.* Similarly, Defendants anticipate that Plaintiff may contend that venue is proper because Collection Agency XYZ is arguably subject to personal jurisdiction in Louisiana. However, Defendants argue that this is not a valid basis for venue given the apparent lack of service on Collection Agency XYZ and because Plaintiff has not established that there is no other district in which the action may be brought. *Id.*

In opposition to Defendants' motion, Plaintiff maintains that the allegations in the Complaint are sufficient to establish that Defendants purposefully availed themselves of Louisiana; therefore, this Court should maintain specific jurisdiction over CJCPM and Collins. (Rec. Doc. 17, at 1-2, 7.) Plaintiff argues that the Court must accept all well-pleaded facts in the Complaint as true and view those facts in the light most favorable to Plaintiff. *Id.* at 2. According to Plaintiff, the Complaint "makes clear that the allegations against all defendants are related to harassing phone calls made to the plaintiff in Louisiana." *Id.* It is Plaintiff's position that the allegations in the Complaint related to the repeated harassing phone calls establish sufficient minimum contacts by the Defendants to personally avail themselves of Louisiana, as required for specific jurisdiction. *Id.* at 4. Moreover, all of the alleged injuries were the result of multiple phone calls placed to Plaintiff and his family within Louisiana,

7

and Plaintiff claims that all witnesses he would likely call are located in Louisiana. *Id.* at 7. Therefore, Plaintiff argues the Court should deny Defendants' motion.

In their reply, Defendants refute several of Plaintiff's opposition arguments. First, Defendants argue that Plaintiff incorrectly relies on the Rule 12(b)(6) standard of law for the proposition that all of the allegations in the Complaint must be taken as true. (Rec. Doc. 20, at 2.) Instead, under the Rule 12(b)(2) standard, Defendants explain that a plaintiff must submit evidence sufficient to establish a prima facie case of personal jurisdiction when a defendant has submitted proof contradicting the plaintiff's jurisdictional allegations, as Defendants have done here. *Id.* at 2, 6. According to Defendants, the uncontroverted declaration attached to their motion demonstrates the absence of any basis for personal jurisdiction. *Id.* at 5. Because Plaintiff has not presented any evidence to the contrary, Defendants argue the facts set forth in the declaration attached to their motion must be accepted as true for jurisdictional purposes. *Id.* at 3, 6.

Second, Defendants contend that, even if the Court were to accept the allegations in the Complaint as true, dismissal is still appropriate because the allegations in the Complaint do not support the exercise of personal jurisdiction over CJCPM or Collins. *Id.* at 3. Defendants argue that Plaintiff's general allegations that "defendants" took certain actions giving rise to personal

8

jurisdiction are insufficient because none of these allegations ascribes specific conduct or statements to CJCPM or Collins. *Id.* at 3. Defendants argue that Plaintiff cannot satisfy the constitutional requirement that personal jurisdiction be established over every defendant by simply resting on the use of the collective term, "defendants," in the allegations. *Id.* Moreover, Defendants claim that the Complaint affirmatively alleges that Collection Agency XYZ—not CJCPM or Collins—made the telephone calls to Plaintiff and his family members. *Id.* at 4. Therefore, these alleged calls cannot give rise to specific jurisdiction over CJCPM or Collins. *Id.*

Lastly, Defendants maintain that the claims against them should be dismissed, in the alternative, on the basis of improper venue for the reasons previously argued, noting that Plaintiff has not provided any argument in opposition. *Id.* at 7 & n.17.

## LEGAL STANDARD

The Fifth Circuit has stated the legal standard by which a district court must adjudicate a motion to dismiss for lack of personal jurisdiction:

> Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. *Id.* This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts

contested in the affidavits, in favor of jurisdiction. *Id.*

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. *Id.* at 414, 104 S. Ct. 1868 n.9. Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 414, 104 S. Ct. 1868 n.8. . . . .

A federal court may satisfy the constitutional requirements for specific jurisdiction by a showing that the defendant has "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316, 66 S. Ct. 154. In *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002), we consolidated the personal jurisdiction inquiry into a convenient three-step analysis: "(1) whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Id.* at 378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). The forum state may create, and this court would be bound to apply, additional jurisdictional restrictions by statute, [*Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000)], but Louisiana's "long-arm" statute extends jurisdiction to the constitutional limit, LA. R.S. 13:3201(B), so the two inquiries in this case fold into one.

10

*Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (footnote omitted).

## DISCUSSION

As mentioned above, Plaintiff bears the burden of establishing personal jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Because this Court did not hold an evidentiary hearing, Plaintiff is required to present only a prima facie case of personal jurisdiction. *Id.* "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Id.* (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). In evaluating whether Plaintiff has presented a prima facie case of personal jurisdiction, the court "will not 'credit conclusory allegations, even if uncontroverted.'" *Sealed Appellant 1 v. Sealed Appellee 1*, No. 14-20204, 2015 WL 4880162, at *3 (5th Cir. Aug. 17, 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). Therefore, if a defendant submits affidavit evidence directly contradicting the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[] ha[s] established a prima facie case of personal jurisdiction

11

through nonconclusory allegations supported by admissible evidence." *Id.*; *accord Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) ("Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'").

Under either a specific or general jurisdiction analysis, Plaintiff fails to submit any evidence to show that CJCPM and Collins have the requisite minimum contacts with Louisiana. The only evidence submitted on the issue, an uncontroverted declaration of Collins, shows that neither CJCPM nor Collins has contacts with Louisiana sufficient to meet the standards under Louisiana law and the United States Constitution. (See Rec. Doc. 16-2.) In particular, Collins's declaration sets forth the following facts: (1) CJCPM and Collins have not engaged in any debt collection in Louisiana in the past five years; (2) neither CJCPM nor Collins have ever held any interest in the accounts discussed in the Complaint; (3) CJCPM and Collins have never had or initiated any communication with Plaintiff or his family members, in Louisiana or elsewhere; and (4) neither CJCPM nor Collins directed, authorized, or participated in Collection Agency XYZ's alleged Louisiana actions. *Id.* at 2. Accordingly, Plaintiff has failed to meet his burden of establishing a prima facie showing

that personal jurisdiction over CJCPM and Collins in Louisiana is constitutional. *See Harris v. Nichols Concrete Equip. Co.*, No. 02-2671, 2002 WL 31729490, at *2 (E.D. La. Dec. 2, 2002) (dismissing plaintiff's claims for lack of personal jurisdiction where plaintiff failed to submit any evidence contradicting the defendant's affidavit).

Plaintiff's sole argument rests on the allegations in the Complaint, which are controverted by the declaration submitted by Defendants. However, even if Defendants had not submitted any evidence to the contrary, the allegations in the Complaint are insufficient to demonstrate that CJCPM or Collins directed any activities into the forum state. While it is true that a single act can confer personal jurisdiction over a defendant if that act gives rise to the claim being asserted, Plaintiff has not carried his burden to show that CJCPM and Collins could reasonably expect to be hailed into court in Louisiana. *See Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 793 (5th Cir. 2007). The Complaint merely alleges that CJCPM and Collins purchased the accounts from Midwest and sold the accounts to National Debt Holdings, LLC. (Rec. Doc. 1, at 2.) In addition, the Complaint identifies who CJCPM and Collins are and alleges that they have a business model of immediately selling accounts they purchase. *Id.* at 2, 5. There is nothing in the Complaint "that ascribes specific conduct or statements to [CJCPM or Collins]."

13

*Gen. Retail Servs., Inc.*, 255 F. App'x at 793. Contrary to Plaintiff's argument, "it is not enough to simply rest on the use of the collective term, 'Defendants,' in the allegations." *Id.* (citing *Rush v. Savchuk*, 444 U.S. 320, 332-22 (1980) (holding that aggregating the defendant into a collective of "defending parties" did not satisfy federal due process)); *see also Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc.*, 631 F. Supp. 2d 1, 3 (D.D.C. 2009) ("The plaintiff may not aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant.").

For the above-mentioned reasons, the Courts finds that Plaintiff has not presented a prima facie showing of personal jurisdiction over Defendants CJCPM or Collins. Accordingly, the Court need not consider whether the fiduciary shield doctrine prevents the exercise of specific jurisdiction over Collins or whether venue is proper in this district. However, the Court agrees, as Defendants have pointed out in their reply, that Plaintiff fails to address these arguments adequately in his opposition.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss Pursuant to Rule 12(b)(2) or, in the Alternative, Rule 12(b)(3)* **(Rec. Doc. 16)** is **GRANTED**. Plaintiff's claims against Defendants

CJC Portfolio Management, LLC, and Christopher J. Collins are hereby **DISMISSED without prejudice**.

New Orleans, Louisiana this 19th day of November, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE