```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


FREDERICK LEMANN                              CIVIL ACTION

VERSUS                                        NO: 15-3329

MIDWEST RECOVERY FUND                         SECTION: "J"(5)
LLC ET AL.
```

## ORDER & REASONS

Before the Court is an *Objection to the Magistrate's Denial of the Motion to Amend Complaint* **(Rec. Doc. 37)** filed by Plaintiff, Frederick Lemann, and an opposition thereto (Rec. Doc. 39) filed by CJC Portfolio Management LLC and Christopher J. Collins. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

The facts of this case, as alleged by Plaintiff, are set forth in detail in the Court's November 19, 2015 Order and Reasons (Rec. Doc. 21), so the Court will only briefly recount them here. This litigation derives from allegedly improper debt-collection efforts through repeated phone calls placed to Plaintiff and his family in Louisiana. Beginning in April or May 2015, Plaintiff claims he began receiving numerous unwanted calls to his cellular telephone from Collection Agency XYZ in an effort to collect the debt. As a result of this alleged telephone harassment, Plaintiff filed suit against multiple defendants for alleged violations of the Fair

Debt Collection Practices Act and the Telephone Consumer Protection Act, as well as for fraud and misrepresentation. The Complaint named the following defendants: Midwest Recovery Fund LLC, CJC Portfolio Management LLC, Christopher J. Collins, National Debt Holdings LLC, Jeremy Poehler,[1] Collection Agency XYZ, and John Does 1-10, who allegedly made the harassing calls.

On November 19, 2015, after considering the parties' arguments, the record, and the applicable law, the Court dismissed Plaintiff's claims against CJC Portfolio Management and Collins for lack of personal jurisdiction. The Court concluded that Plaintiff failed to establish a prima facie case of personal jurisdiction through nonconclusory allegations supported by admissible evidence. The Court explained that Plaintiff relied solely on the allegations in his Complaint, which were controverted by evidence in the record showing that neither CJC Portfolio Management nor Collins had contacts with Louisiana sufficient to meet the constitutional standards for personal jurisdiction. Consequently, the Court dismissed Plaintiff's claims against those two defendants without prejudice.

Four months later, Plaintiff filed a Motion to Amend Complaint (Rec. Doc. 27), seeking to reassert his claims against CJC Portfolio Management and Collins, as well as the other previously-

---

[1] On October 7, 2015, Plaintiff voluntarily dismissed his claims against National Debt Holdings LLC and Jeremy Poehler without prejudice. (Rec. Doc. 10.)

2

dismissed Defendants. In particular, Plaintiff seeks to amend his Complaint to state that each Defendant "has purposefully directed or has instructed others to direct phone calls, voicemails, letters, and other collection attempts to the State of Louisiana and to Mr. Lemann specifically who at all times has been located in the State of Louisiana." *Id.* at 2-3. After hearing oral argument, the Magistrate Judge denied the motion, concluding that "[t]he conclusory allegations presented in the proposed amended complaint are insufficient to overcome the District Judge's previous ruling on Defendants' motion to dismiss, as that ruling was expressly based upon evidence in the record that remains uncontroverted." (Rec. Doc. 36, at 2.)

Plaintiff filed the instant *Objection to the Magistrate's Denial of the Motion to Amend Complaint* **(Rec. Doc. 37)** on May 4, 2016.[2] CJC Portfolio Management and Collins opposed the motion on May 24, 2016. The motion is now before the Court on the briefs.

## LEGAL STANDARD

A magistrate judge's ruling on a nondispositive pretrial motion may be appealed to the district judge for review pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. A magistrate judge is afforded broad discretion in resolving such motions, and the standard of review is deferential. When a timely objection is

---

[2] The Court construes Plaintiff's Objection as a motion to review a magistrate judge's order pursuant to Federal Rule of Civil Procedure 72(a) and LR 72.2.

3

raised to such a ruling, the district judge must review the magistrate's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A legal conclusion is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016).

For issues that are committed to a magistrate judge's discretion, such as the resolution of discovery disputes, the decision will be reversed only for an abuse of discretion. *Id.; Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069 (3d ed. 2014).

4

**DISCUSSION**

Plaintiff objects to the Magistrate Judge's denial of his motion to amend for three reasons. First, Plaintiff argues that the Magistrate Judge erred by giving preclusive effect to this Court's November 19, 2015 Order and Reasons. (Rec. Doc. 37-1, at 2-3.) Second, Plaintiff argues that the Magistrate Judge should have granted the motion to amend under Federal Rule of Civil Procedure 15(a)(2) because "no good reason exists" to prohibit Plaintiff from amending his original complaint. *Id.* at 3-4. Third, Plaintiff argues that the Magistrate Judge erred in allowing CJC Portfolio Management and Collins to oppose the motion because at that time they were no longer parties to this suit. For the following reasons, the Court rejects Plaintiff's arguments and concludes that the decision of the Magistrate Judge was not clearly erroneous or contrary to law.

Rule 15(a)(2) states that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend," but "leave to amend is by no means automatic." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). The court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed

amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2004).

Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). An amendment is futile if it would fail to survive a motion to dismiss or otherwise fail to cure the deficiencies in the original complaint. *See id.*

In the instant case, the Magistrate Judge's denial of the motion to amend was not clearly erroneous or contrary to law. First, Plaintiff misunderstands the basis for the Magistrate Judge's decision. Plaintiff claims that the Magistrate Judge based his decision on the affirmative defense of res judicata. However, res judicata is not mentioned in the Magistrate Judge's order, and it is clear that res judicata did not form the basis for the decision. The Magistrate Judge properly considered the motion to amend under Rule 15(a)(2), as discussed below.

Second, considering the futility of the proposed amendment and the delay in submitting it, the Magistrate Judge correctly denied Plaintiff's motion to amend. As mentioned above, this Court previously issued an Order and Reasons dismissing Plaintiff's claims against CJC Portfolio Management and Collins for lack of personal jurisdiction. Accordingly, the Magistrate Judge

6

considered whether the proposed amendment cured the deficiencies identified in that Order and Reasons. Because the allegations in the proposed amendment were insufficient to demonstrate personal jurisdiction, the Magistrate Judge correctly concluded that it would be futile. *See Bustos v. Lennon*, 538 F. App'x 565, 569 (5th Cir. 2013) (concluding that proposed amendment would be futile because it did not support personal jurisdiction); *Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of New York, Inc.*, 889 F. Supp. 2d 912, 926 (S.D. Tex. 2012) (holding plaintiff's proposed amendment "would be futile because it fails to make out a prima facie case for either specific or general personal jurisdiction" over the defendant).

As set forth more fully in the November 19, 2015 Order and Reasons, Plaintiff failed to establish a prima facie case of personal jurisdiction over CJC Portfolio Management and Collins through nonconclusory allegations supported by admissible evidence. Further, even if CJC Portfolio Management and Collins had not submitted evidence to the contrary, the allegations in Plaintiff's original complaint were insufficient to demonstrate that either Defendant directed any activities into the forum state.

The proposed amendment would be subject to dismissal for the same reasons as the original complaint. In evaluating whether the plaintiff has presented a prima facie case of personal jurisdiction, a court "will not credit conclusory allegations,

even if uncontroverted.'" *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). The proposed amendment seeks to add a jurisdictional allegation for each Defendant, alleging that each Defendant "purposefully directed or has instructed others to direct" collection attempts to Louisiana and specifically to Plaintiff. This allegation is conclusory and does nothing to cure the defects previously identified by this Court. Accordingly, the motion to amend was properly denied as futile.[3]

Third, because the claims against CJC Portfolio Management and Collins were dismissed before Plaintiff filed the motion to amend, Plaintiff argues that they lacked standing to oppose the motion. Even in the absence of an opposition, however, the Court must consider whether the proposed amendment is futile or unduly delayed. Accordingly, it is not necessary for the Court to decide whether CJC Portfolio Management and Collins had standing to oppose the motion.

---

[3] Because Plaintiff filed the motion to amend four months after this Court dismissed his claims against CJC Portfolio Management and Collins for lack of personal jurisdiction, undue delay supports denial as well.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Objection to the Magistrate's Denial of the Motion to Amend Complaint* **(Rec. Doc. 37)** is **DENIED**.

New Orleans, Louisiana, this 27th day of May, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE