```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA


FREDERICK LEMANN                          CIVIL ACTION

VERSUS                                    NO: 15-3329

MIDWEST RECOVERY FUND,                    SECTION: "J"(5)
LLC, ET AL.
```

### ORDER & REASONS

Before the Court is a *Motion to Dismiss* **(R. Doc. 53)** filed by Defendant Midwest Recovery Fund, LLC, and an opposition thereto filed by Plaintiff. **(R. Doc. 56.)** Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**, as explained more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This litigation derives from Defendants' alleged debt collection efforts via phone calls to Plaintiff and his family in Louisiana. (R. Doc. 1 at 1-4.) Two loan accounts that originated with Castle Payday Installment Loans were taken out in Plaintiff's name. *Id.* at 1. Plaintiff denies taking out the loans. Plaintiff states that the loans were charged off by Castle Payday in March 2015, and sold to Defendant Midwest Recovery Fund, LLC (Midwest). *Id.* Plaintiff claims that Midwest then sold the accounts to CJC Portfolio Management, LLC, which is owned and controlled by Cristopher J. Collins. *Id.* at 2. CJC Portfolio Management then

sold the accounts to National Debt Holdings, LLC, which is owned and operated by Jeremy Poehler, who placed the two accounts for collection with a collection agency referred to as Collection Agency XYZ (Agency XYZ). *Id.*

Plaintiff claims that around April or May 2015, he and his family began receiving repeated and unwanted phone calls from Agency XYZ, in an attempt to recover the alleged debt. *Id.* at 3-4. According to Plaintiff, Agency XYZ ignored his requests to stop calling, continued contacting him directly after informing the agency that he was represented by counsel, and threatened Plaintiff with a lawsuit. *Id.* On August 7, 2015, Plaintiff filed this suit against the Defendants, alleging violations of the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and fraud. *Id.* at 6, 8. On August 31, 2016, Defendant Midwest filed a motion to dismiss alleging this Court lacks personal jurisdiction over Midwest, and that Plaintiff has failed to state a claim for which relief can be granted. (R. Doc. 53 at 1, 11.) On September 14, 2016, Plaintiff filed a timely opposition to Midwest's motion, arguing that this Court has personal jurisdiction over Midwest, and that Plaintiff has stated valid claims against Midwest. (R. Doc. 56 at 4-7, 9.) Midwest's motion to dismiss is now before the Court on the briefs without oral argument.

**PARTIES' ARGUMENTS**

1. **Defendant's Arguments**

Defendant Midwest argues that Plaintiff's claims should be dismissed under Rule 12(b)(2), or in the alternative, Rule 12(b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 53-1 at 1.) First, Defendant argues that Plaintiff has failed to satisfy his burden of showing that the exercise of personal jurisdiction comports with the exercise of due process. *Id.* at 3. Midwest claims that it never attempted to contact the Plaintiff or collect any debt from him. *Id.* Midwest submitted the declaration of its Executive Vice President, Andrew Myers, who asserts that Midwest never purposely directed its activities toward Louisiana or availed itself of the privileges of conducting business in Louisiana. *Id.* at 7. Further, Defendant asserts that it has no business operations in Louisiana, and never contacted or directed anyone else to contact Plaintiff or his family. *Id.* at 8. Defendant also contends that Agency XYZ's actions cannot be imputed to Midwest to establish personal jurisdiction. *Id.* at 9. Midwest claims that the unilateral conduct of Agency XYZ is insufficient to establish that it has substantial connections with Louisiana, because Midwest had nothing to do with collection related activities. *Id.* In addition, Midwest contends that an exercise of specific personal jurisdiction would be unfair and unreasonable, due to the heavy burden of travel placed on Midwest, and the lack

3

of contact between the Louisiana based Plaintiff and Minnesota based Defendant. *Id.* at 10.

Alternatively, Midwest contends that Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim. *Id.* at 11. Midwest asserts that because it never made any attempts to contact Plaintiff to collect debt, it cannot be in violation of the Fair Debt Collection Practices Act. *Id.* at 13. Similarly, Midwest asserts that it cannot be in violation of the Telephone Consumer Protection Act, because it never called the Plaintiff or directed anyone else to do so. *Id.* at 13-14. Midwest also claims that Plaintiff failed to make any direct factual allegations of fraud and did not meet the heightened pleading requirements for fraud under Rule 9(b). *Id.* at 15.

### 2. Plaintiff's Arguments

In opposition to Defendant's motion, Plaintiff concedes that the allegations in his complaint are insufficient to establish general jurisdiction. (R. Doc. 56 at 3.) However, Plaintiff asserts that the allegations in the complaint are sufficient to establish that Midwest purposefully availed itself of Louisiana, and the Court should maintain specific jurisdiction over Midwest. *Id.* at 2, 4-6. Plaintiff maintains that by purchasing and selling Louisiana debt without confirming its validity, Midwest established minimum contacts with Louisiana. *Id.* at 5. Plaintiff also maintains that the claims against Midwest arise out of its

Louisiana-related contacts, as the Plaintiff received the injurious phone calls in Louisiana. *Id.* It is Plaintiff's position that the exercise of specific jurisdiction over Defendant is fair and reasonable, given that the alleged phone calls were made to Plaintiff and his family, who reside in Louisiana. *Id.* at 6, 8. Plaintiff asserts that it has stated causes of action against Midwest under the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and fraud. (R. Doc. 56 at 9.) Additionally, Plaintiff argues that the Court must view the facts in the complaint in the light most favorable to the Plaintiff, and Plaintiff's assertions against Midwest are sufficient to avoid a dismissal at this stage of the proceedings. *Id.* at 8-9.

## LEGAL STANDARD

Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices. *Id.* This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction. *Id.*

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. *Id.* at 414. Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 414.

A federal court may satisfy the constitutional requirements for specific jurisdiction by a showing that the defendant has "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. In *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002), the Fifth Circuit consolidated the personal jurisdiction inquiry into a convenient three-step analysis: "(1) whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action

arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Id.* at 378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The forum state may create, and this court would be bound to apply, additional jurisdictional restrictions by statute, but Louisiana's "long-arm" statute extends jurisdiction to the constitutional limit, so the two inquiries in this case fold into one. *See Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000); LA. R.S. 13:3201(B).

## DISCUSSION

As mentioned above, Plaintiff bears the burden of establishing personal jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Because this Court did not hold an evidentiary hearing, Plaintiff is required to present only a *prima facie* case of personal jurisdiction. *Id.* "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Id.* (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). In evaluating whether Plaintiff has presented a *prima facie* case of personal jurisdiction, the court

7

"will not 'credit conclusory allegations, even if uncontroverted.'" *Sealed Appellant 1 v. Sealed Appellee 1*, No. 14-20204, 2015 WL 4880162, at *3 (5th Cir. Aug. 17, 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). Therefore, if a defendant submits affidavit evidence directly contradicting the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[ ] ha[s] established a *prima facie* case of personal jurisdiction through nonconclusory allegations supported by admissible evidence." *Id.*; *accord Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) ("Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'").

Under either a specific or general jurisdiction analysis, Plaintiff has failed to satisfy its burden of proving that this Court has personal jurisdiction over Defendant Midwest. To the contrary, Defendant submitted a declaration by Andrew Myers, Midwest's Executive Vice President, stating that: (1) Midwest has no property or operations in Louisiana; (2) Midwest has never engaged in debt collection in Louisiana; (3) Midwest retained no interest in the accounts discussed in the Complaint after selling them; (4) neither he nor Midwest initiated or engaged in

communication with Plaintiff or his family, in Louisiana or elsewhere; and (5) neither he nor Midwest directed, authorized, or participated in Agency XYZ's alleged Louisiana actions. (R. Doc. 53-2 at 2.) While Plaintiff subsequently submitted his own declaration asserting that Midwest purchased the debt, it never stated nor offered any evidence to show that Midwest was involved with the alleged phone calls. (R. Doc. 56-1.) While Plaintiff asserted that Defendant engaged in collection activities, these assertions were only made in the summary and conclusion portion of Plaintiff's memorandum. *Id.* at 2, 9. These conclusory statements are not supported by any evidence supporting jurisdiction, admissible or otherwise, to controvert Mr. Meyers' affidavit. Therefore, Plaintiff's argument for personal jurisdiction rests on the allegations made in his Complaint, which are insufficient to show that Midwest directed any activities towards Louisiana. *Lemann v. Midwest Recovery Fund, LLC*, No. 15-3329, 2015 WL 7306442, at *5 (E.D. La. Nov. 19, 2015). Plaintiff's Complaint only alleges that Midwest purchased the accounts, and then sold them to CJC Portfolio Management, LLC. (R. Doc. 1 at 1-2.) Nothing in the complaint "ascribes specific conduct or statements to [Midwest]." *Lemann*, 2015 WL 7306442, at *5 (quoting *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 793, 793 (5th Cir. 2007)).

This Court has previously stated:[1]

> Contrary to Plaintiff's argument, "it is not enough to simply rest on the use of the collective term, 'Defendants,' in the allegations." *Id.* (citing *Rush v. Savchuk*, 444 U.S. 320, 332-22 (1980) (holding that aggregating the defendant into a collective of "defending parties" did not satisfy federal due process)); *see also Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin.*, Inc., 631 F. Supp. 2d 1, 3 (D.D.C. 2009) ("The plaintiff may not aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant.").

*Lemann*, 2015 WL 7306442, at *5. For the above reasons, the Court finds that the Plaintiff has not satisfied his burden of proving a *prima facie* showing that personal jurisdiction over Defendant Midwest is constitutional. *See Harris v. Nichols Concrete Equip. Co.*, No. 02-2671, 2002 WL 31729490, at *2 (E.D. La. Dec. 2, 2002) (dismissing plaintiff's claims for lack of personal jurisdiction where plaintiff failed to submit any evidence contradicting the defendant's affidavit). Therefore, the court need not address whether Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6). *See Stiaes v. GEORXT, Inc.*, No. 12-3013, 2013 WL 3107464, at *6 (E.D. La. June 18, 2013).

---

[1] This Court dismissed Plaintiff's factually similar claims against other Defendants in this lawsuit finding that this Court lacked personal jurisdiction over such Defendants. *Lemann*, 2015 WL 7306442, at *5.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 53)** is **GRANTED**. Plaintiff's claims against Defendant Midwest Recovery Fund, LLC are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

New Orleans, Louisiana this 19th day of October, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE